# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

PERCIVAL WILLIAMS,

    Plaintiff,

v.                                    Case No. 1:23-cv-286-MW/MJF

SARA TAT *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Percival Williams, proceeding *pro se*, has filed a complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. Docs. 1, 2. Because Williams is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis*, the undersigned respectfully recommends that this case be dismissed without prejudice.

### I. BACKGROUND

Williams is a pretrial detainee currently confined at the Alachua County Jail. Doc. 1 at 2. Williams asserts that Defendant Sara Tat, an assistant public defender representing Williams in a pending state criminal case, violated the Fifth, Sixth, and Fourteenth Amendments

Page 1 of 6

because she failed to file pretrial motions on Williams's behalf.[1] *Id.* at 5, 6. Williams also appears to assert claims against the prosecutor, "Deborah Rothenberg," and Judge William E. Davis for violations of Plaintiff's Speedy Trial Act rights. *Id.* at 5. Williams alleges that he has been "[p]re[j]udiced" as a result. *Id.* As relief, Williams requests $150,000 in damages and the "dismissal" of the indictments in his state criminal case. *Id.* at 7.

## II. Discussion

Under the so-called "three-strikes rule" in 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S. Ct. 1721, 1723 (2020). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) (noting that a "prisoner must pay the full filing fee at the time he initiates suit") (quoting *Vanderberg*

---

[1] Though it is unclear from his complaint, Williams may also attempt to press a state-law negligence claim against Tat. *See* Doc. 1 at 6–7.

*v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001)). But there is a narrow exception to the three-strikes rule: a prisoner who is otherwise barred from proceeding *in forma pauperis* may do so if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

Williams has incurred at least three strikes under section 1915(g):

- *Williams v. Pena,* No. 1:21-cv-161-AW/HTC (N.D. Fla. Dec. 30, 2021) (dismissing Williams's complaint because he failed to state a plausible claim for relief).

- *Williams v. Daniels*, No. 1:22-cv-332-AW/MAF (N.D. Fla. Feb. 9, 2023) (dismissing Williams's complaint as malicious).

- *Williams v. Florida,* No. 1:23-cv-16-AW/HTC, (N.D. Fla. Apr. 3, 2023) (dismissing Williams's complaint because he failed to state a plausible claim for relief).

Williams acknowledges two of these three strikes in his complaint. Doc. 1 at 9.

Because he has incurred *at least* three strikes, Williams may not litigate this case *in forma pauperis* unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown*, 387 F.3d at 1349. To fall within this exception, Williams's complaint must

include "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quoting another source) *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534 (2015). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke section 1915(g)'s exception. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Williams's allegations, construed liberally, fail to make a colorable showing that he is under imminent danger of serious physical injury. Plaintiff asserts he is in danger because he has—at some point—elected to play a game of basketball with a fractured hand. Doc. 1 at 6. Williams's claims center around his "concern" with the Defendants' conduct in Williams's pending state criminal case, however. *Id.* at 14; *see also id.* at 5–6. Thus, Williams's allegation that he played basketball with a fractured hand lacks a sufficient nexus to Plaintiff's claims against the Defendants. *See Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009) ("§ 1915(g) allows a three-strikes litigant to proceed IFP only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges."); *Pinson v. United States Dep't of Just.*, 964 F.3d 65, 72–73 (D.C. Cir. 2020) (same); *Meyers v. Comm'r of Soc. Sec.*

*Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020) (same); *Lomax v. Ortiz-Marquez*, 754 F. App'x 756, 759 (10th Cir. 2018) (same), *cert. granted on other grounds and aff'd*, 590 U.S. ___, 140 S. Ct. 1721 (2020); *Ball v. Hummel*, 577 F. App'x 96, 98 n.1 (3d Cir. 2014) (same)."

Even so, "the issue is whether [Williams's] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown*, 387 F.3d at 1350. It does not. Williams's "concern" regarding his pending state criminal case is simply too vague to plausibly suggest that Williams is in imminent danger of serious physical injury.[2] *Hafed*, 635 F.3d at 1179–80; *Martin*, 319 F.3d at 1050.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.   **DISMISS** this action, under 28 U.S.C. § 1915(g), without prejudice to Williams initiating a new case accompanied by the $402.00 fee in its entirety.

---

[2] It is worth noting, too, that Plaintiff also fails to state a plausible claim for relief against (at least) Tat. Public defenders are not considered "state actors" under 42 U.S.C. § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 321 (1981).

2. **DIRECT** the clerk of the court to terminate all pending motions and to close this case file.

At Pensacola, Florida, this 11th day of December, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**